THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FRANCISCO TORRES-MORENO,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security, TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement, EVAN TJADEN, in his official capacity as ICE Field Officer Director, NATE BROOKSBY, in his official capacity as the warden of the Purgatory Correctional Facility, TODD BLANCHE, in his official capacity as the United States Attorney General, The Executive Office for Immigration Review United States Immigration and Customs Enforcement,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ENFORCE THE JUDGMENT**<br><br>Case No. 4:26-cv-00092-DN<br><br>District Judge David Nuffer |

Petitioner Francisco Torres-Moreno seeks enforcement of Paragraph 3 of the August 31, 2026, Order[1] that granted his § 2241 petition for writ of habeas corpus ("Motion to Enforce"). Paragraph 3 required Respondents to "reinstate Mr. Torres-Moreno's Adjustment Application and any associated appointments or hearing dates and file a copy of that notice with this court."[2] The Motion to Enforce indicates that Respondents had failed to meet October 29, 2026, deadline

[1] Memorandum Decision and Order Granting Petition for Writ of Habeas Corpus; Ordering Release and Reports ("August 31, 2026, Order") at 15, docket no. 20, filed Aug. 31, 2026.

[2] *Id*.

imposed in his immigration-court case to produce the USCIS adjustment record needed to reinstate his prior application.[3]

In response, Respondents provided documentation that they had untimely filed with the immigration court Mr. Torres-Moreno's Adjustment of Status application and associated filings on November 3, 2026.[4] Respondents did not, however, attempt to explain or justify why they had not met the deadline imposed by the immigration court.

Mr. Torres-Moreno acknowledged Respondents' filing with the immigration court and withdrew that portion of his Motion to Enforce.[5] However, Mr. Torres-Moreno asserted that Respondents' filing did not include records confirming that USCIS received payment for and credited the original adjustment filing fee and the additional amount required under INA § 245(i), which is necessary for the reinstatement ordered by the August 31, 2026, Order.[6]

Having reviewed and considered the parties briefing on the Motion to Enforce and the applicable legal authorities, and for good cause appearing,

## 1 ORDER

IT IS HEREBY ORDERED that Mr. Torres-Moreno's Motion to Enforce[7] is GRANTED. By no later than noon on Thursday, November 12, 2026, Respondents are ordered to provide the immigration court and Mr. Torres-Moreno's counsel with a written acknowledgment that USCIS received and credited Mr. Torres-Moreno's original Form I-485 filing fee **and** the additional payment required by INA § 245(i). Respondents' written

---

[3] Motion to Enforce at 1.

[4] Response to Petitioner's Motion to Enforce Judgment, docket no. 35, filed Nov. 4, 2026.

[5] Petitioner's Reply to the Government's Response at 2, docket no. 36, filed Nov. 4, 2026.

[6] *Id.*

[7] Docket no. 20, filed Aug. 31, 2026

acknowledgment must identify the amounts and payment dates reflected in agency records. And Respondents must file a copy of the written acknowledgment with this court. Existing receipts or an agency accounting confirming Mr. Torres-Moreno's payments would satisfy Respondents' obligation for a written acknowledgment.

If Respondents cannot confirm either payment of Mr. Torres-Moreno, they must file a notice of such, identify the specific unresolved issue by no later than noon on Thursday November 12, 2026.

Respondents' failure to timely provide the ordered written acknowledgment of payments or to file a notice that they cannot confirm the payments will result in the issuance of an order to show cause.

Signed November 5, 2026.

BY THE COURT

David Nuffer
United States District Judge